Lane Myers
P.O. Box 30554
Tucson Arizona, 85751
lanesbackupacct@gmail.com



FILED ✓    LODGED
RECEIVED    COPY

JUN − 4 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT,

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lane Myers;<br><br>    Plaintiff,<br><br>v.<br><br>Regina Romero, individual capacity;<br>Brandon Williams, individual capacity;<br>William Corrales, individual capacity;<br>Robert Dobell, individual capacity; and<br>City of Tucson, municipal corporation and a governmental entity,<br><br>    Defendants. | No. **CV-26-292-TUC-AMM (PSOT)**<br><br>**COMPLAINT FOR**<br>**CIVIL-RIGHTS VIOLATIONS**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon._____ |

## INTRODUCTION

NOW COMES, the Plaintiff, Lane Myers to file this Civil Rights Complaint against the Defendants. In support thereof, he submits the following:

## THE PARTIES

**Plaintiff-**

Lane Myers
P.O. Box 30554
Tucson Arizona, 85751
lanesbackupacct@gmail.com

**Defendants-**

Regina Romero – At all times relevant to this Complaint, Defendant Regina Romero has been the City of Tucson Mayor. She is the final policy maker for the City of Tucson Mayor and Council meeting, and is named in her individual capacity.

255 W. Alameda
Tucson, AZ 85701
520-791-4201

Brandon Williams – At all times material herein, Sergeant Brandon Williams acted within the scope of his employment with the City of Tucson Police Department, and under color of law. Defendant engaged in wrongful conduct that allowed, caused, and/or contributed to the cause of the violations of the Plaintiff's rights. His actions and/or inactions constitute actions of Mayor Romero, the City of Tucson Police Department, and/or City of Tucson. He is named in his individual capacity.

255 W. Alameda
Tucson, AZ 85701
520-791-4213

William Corrales – At all times material herein, Officer William Corrales acted within the scope of his employment with the City of Tucson Police Department, and under color of law. Defendant engaged in wrongful conduct that allowed,

caused, and/or contributed to the cause of the violations of the Plaintiff's rights. His actions and/or inactions constitute actions of Mayor Romero, the City of Tucson Police Department, and/or City of Tucson. He is named in his individual capacity.

255 W. Alameda
Tucson, AZ 85701
520-791-4213

Richard Dobell – At all times material herein, Officer William Corrales acted within the scope of his employment with the City of Tucson Police Department, and under color of law. Defendant engaged in wrongful conduct that allowed, caused, and/or contributed to the cause of the violations of the Plaintiff's rights. His actions and/or inactions constitute actions of Mayor Romero, the City of Tucson Police Department, and/or City of Tucson. He is named in his individual capacity.

255 W. Alameda
Tucson, AZ 85701
520-791-4213

City of Tucson – Defendant City of Tucson is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona. City of Tucson is a "state actor," as that term is used under the jurisprudence of 42 U.S.C. § 1983.

255 W. Alameda
Tucson, AZ 85701
520-791-4213

### JURISDICTION AND VENUE

All previous paragraphs are incorporated. The events, acts, and/or omissions as described more fully throughout the paragraphs of this Complaint are not within the Exclusive Jurisdiction of any other Court.

This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution and is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02.

Myers seeks monetary damages against the Defendants for violating his clearly established First and Fourth Amendment rights. Myers also seeks monetary damages against Defendants Williams, Dobell, Corrales for making harmful, offensive, and excessive contact with him when arresting him without legal authority to arrest him.

Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343 (civil rights jurisdiction).

This Court has supplemental jurisdiction over Arizona Open Meeting Law claims under 28 U.S.C. § 1367(a) because Myers's claims arise under Arizona law and form part of the same case or controversy as his federal claims.

Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b)(1) because at least one of the Defendants resides in this District and all Defendants reside in Arizona.

Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Myers's claims occurred within this District.

## FACTUAL ALLEGATIONS

Plaintiff Myers is choosing to file his factual allegations as an Affidavit of Fact in a separate Attachment (Exh. 1). Myers chooses this route to show the court that this is not a frivolous lawsuit. While also being able to further incorporate the Affidavit of Facts as a docket entry moving forward in other filings.

## CAUSES OF ACTION

Plaintiff is entitled to maintain an action for civil rights violations against Defendants for such losses and injuries suffered due to their Policies or Conduct as alleged herein. As a result of the wrongful acts of Defendants as set forth above, Plaintiff suffered damages. The causes of action are as follows:

## (COUNT ONE)

**1st Amendment Violation-**

**Freedom of Speech, Press, Petition, Assemble**

**42 U.S.C. 1983**

**Defendants named in their individual capacity:**

Regina Romero

Brandon Williiams

Richard Dobell

William Corrales

Defendants violated Myers right to assemble and speak at a public meeting by removing him for booing, and not allowing him to return for the next 6 months based on an unlawful arrest.

Defendants violated Myers right to petition his government at a public meeting by removing him for booing, and not allowing him back for the next 6

months based on an unlawful arrest. Myers was not allowed to criticize the Mayor and Council in a public forum for over 6 months.

Defendants violated Myers right to assemble, speak, and petition anonymously by enforcing an unconstitutional prior restraint in the form of a restriction requiring a speaker to provide their first and last name, home address, and reason for speaking before speaking at a public meeting. This is effectively self-doxxing if required. This is not supported by any established case law. In fact, the right to criticize the government anonymously is held in the highest regard by courts. The Arizona Open Meeting Law specifically allows for this by the plain language making use of the terms, "name, as given" right in the statute. ARS- 38-431.01.(C)(4)

### (COUNT TWO)

**1st Amendment Violation- Retaliation**

**Freedom of Speech, Press, Petition, Assemble**

**42 U.S.C. 1983**

**Defendants named in their individual capacity:**

Regina Romero

Brandon Williiams

Richard Dobell

William Corrales

Defendants retaliated against Myers exercising his 1st amendment rights to speak, assemble, and petition by enforcing their viewpoint discrimination, and unconstitutional speaker policy.

They allowed the entire crowd to clap, cheer, and praise the Mayor and Council, while simultaneously arresting Myers for an opposite viewpoint of booing

the very same government officials in an open public meeting, during a designated period of free expression.

This is not viewpoint neutral time place and manner restrictions in a public forum. This is the exact opposite in fact. This is blatant and targeted 1st amendment retaliation by all individual defendants, and municipal defendant by policy, resulting in an unlawful arrest and prosecution of Myers.

Myers was prosecuted for booing while others were clapping in a public meeting. This is an outrageous violation of clearly established rights by the defendants.

## (COUNT THREE)

### 4th Amendment Violation- Unlawful Seizure

### 42 U.S.C. 1983

### Defendants named in their individual capacity:

Regina Romero

Brandon Williiams

Richard Dobell

William Corrales

Myers arrest in direct retaliation for him booing while others were clapping, despite leaving the meeting as soon as he was asked, was an unlawful seizure of Myers.

This violates clearly established statutory law, case law, and the 4th amendment.

This arrest was effected in direct contradiction with Myers 1st amendment protected liberty interests.

This arrest was based on an unconstitutional policy or practice of the City of Tucson of arresting those who criticize the Mayor and Council based on Myers arrest for booing while others clapped.

This arrest lacked the required probable cause to arrest someone for trespassing

You can not trespass at a public meeting, unless asked to leave for being disruptive

Myers was asked to leave and immediately stood up and walked out the exit door as fast as he could stand up and walk

## (COUNT FOUR)

### 4th Amendment Violation- Malicious Prosecution

### 42 U.S.C. 1983

### Defendants named in their individual capacity:

Regina Romero

Brandon Williiams

Richard Dobell

- William Corrales

Because this arrest and prosecution terminated without conviction, the statute of limitations has expired, and the arrest lacked probable cause, this allows the 1983 claim of malicious prosecution.

Since the 2022 findings in Thompson, the US Supreme Court has held that an actual finding of innocence is no longer required.

This was clearly an unlawful arrest, in retaliation for Myers exercising his 1st amendment rights.

Therefore the prosecution of Myers for an arrest that lacked probable cause is a 4th amendment Malicious prosecution claim

## (COUNT FIVE)

**14th Amendment Violation- Procedural Due Process**

**42 U.S.C. 1983**

**Defendants named in their individual capacity:**

Regina Romero

Brandon Williiams

Richard Dobell

William Corrales

Myers had his procedural due process rights violated when he was arrested, banned from attending, and speaking at any City of Tucson Mayor and Council meeting without pre-deprivation due process.

Myers was never given notice, opportunity to be heard, and an impartial tribunal to decide if he was allowed to boo while others were clapping at an open public meeting.

Myers had no way of challenging this unconstitutional policy or practice prior to being arrested for violating it.

Myers was arrested for violating the unconstitutional as applied policy without ever being given notice the policy even existed.

Myers then had his protected liberty interests to assemble, speak, petition in a public forum taken from him in the form of criminal charges.

Myers was never given post-deprivation due process after his arrest either.

Myers had no way of challenging his unlawful ban from attending the public meetings.

Myers suffered a post deprivation due process violation every time he was not allowed to attend a public meeting, based on his arrest, which did not include pre deprivation due process.

If the City of Tucson wants to enforce time, place, manner restrictions those need to posted and the same for everyone. Not arbitrary and vague, while being enforced without pre and post deprivation due process.

Myers was also denied pre deprivation due process of his protected liberty interests, as well as his legal rights under Arizona state law when he was denied the opportunity to speak during public comment period anonymously.

These are a clearly established right.


## (COUNT SIX)

**14th Amendment Violation- Substantive Due Process**

**42 U.S.C. 1983**

**Defendants named in their individual capacity:**

Regina Romero

Brandon Williiams

Richard Dobell

William Corrales


Myers had his right to substantive due process violated when his protected liberty interests were deprived from him in a public forum, without any due process.

Myers was unlawfully arrested without probable cause.

An arrest requiring probable cause is a Substantive right.

This is a clearly established right

Myers right to speak and assemble at a public meeting is also a clearly established substantive right

## (COUNT SEVEN)

## Monell Liability

## 42 U.S.C. 1983

## Defendants named in their municipal capacity:

City of Tucson

As a proximate result of City of Tucson unconstitutional policies, practices, acts and omissions, to include failures to train and supervise its officers, Plaintiff suffered immediate and irreparable injury by having his 1st, 4th, and 14th amendment rights violated.

City of Tucson is liable because of Final policymaker Mayor Romero enforcing unconstitutional policies and practices as the final policymaker for the Mayor and Council Meetings. These policies are both official and unofficial, while being unconstitutional on their face and as applied.

The policy and practice of arresting someone for booing while others were clapping, is unconstitutional as applied because it arbitrarily punishes people strictly for their viewpoint in a public meeting.

This is a clear failure to train and supervise the City of Tucson police department. This policy of committing 4th amendment violations in retaliation for 1st amendment protected activity is the ultimate red herring for a municipal defendant. It's the legal death penalty.

The public comment speaker policy is also unconstitutional on its face and as applied. It requires speakers to provide their first last name, home address, reason for speaking, etc which is both a prior restraint, and arbitrary enforcement of an unconstitutional policy. Enforcing a policy in direct violation of the Arizona Open Meetings Law creates municipal liability by enforcing this unconstitutional policy through their final policymaker Mayor Romero at the Mayor and Council

meetings. It creates public body liability under 1983, as well as the Arizona Open Meeting laws.

The speaker comment policy also doesn't allow anyone to appeal the policy prior to having it enforced against them.

It also doesn't allow post deprivation due process, because after Myers arrest he had no way to challenge his ban from the meetings with the City of Tucson.

Because all these official and unofficial policies and practices are enforced through the final policy maker violating clearly established law, this makes the City of Tucson liable

City of Tucson has the responsibility to train and supervise their meeting officers under the direction of the final policymaker, Mayor Romero

### (COUNT EIGHT)

### Violation of Arizona Open Meeting Law

### Ariz. Rev. Stat. § 38-431 et seq.

**Defendants named in their municipal capacity**:

City of Tucson


Arizona's Open Meeting Law provides that "all persons so desiring shall be allowed to attend and listen to the deliberations and proceedings" of public bodies like the City Council of the City of Tucson Ariz. Rev. Stat. § 38-431.01(A).

The Open Meeting Law provides that a "public body may make an open call to the public" that is "subject to reasonable time, place and manner restrictions, to allow individuals to address the public body on any issue within the jurisdiction of the public body." Ariz. Rev. Stat. § 38-431.01(I).


The Arizona open meeting law is clear that those wishing to speak during public comment are only required to provide " a name, as given,".

Myers is a person "affected by" Defendants' violations of the Open Meeting Law. Ariz. Rev. Stat. § 38.431-07(A).

Myers is entitled to declaratory relief concerning the applicability of the Open Meeting Law to the actions of Defendants. Ariz. Rev. Stat. § 38-431.07(A).

Myers is entitled to equitable relief as the Court deems appropriate. Ariz. Rev. Stat. § 38-431.07(A).

Myers brings this action to require "compliance with, or the prevention of violations of," the Open Meeting Law and "to determine the applicability of" the Open Meeting Law "to matters or legal actions of" Defendants. Ariz. Rev. Stat. § 38-431.07(A).

There is no legal requirement in the Arizona Open Meeting Law which requires public bodies to require a prior restraint of giving first and last name, home address, reason for speaking, etc in order to speak during the public comment period.

This would run counter to the Constitutional requirement to abide by the least restrictive time, place, and manner restrictions that serve a compelling governmental interest.

This is why the Arizona Open Meeting Law specifically uses the language "name, as given".

This allows the record keeper of the meeting to include a name in the meeting transcript to represent the next speaker. Not a legal record requiring first last name, home address, reason for speaking, etc.

If that's what was required under the Open Meeting Act, it would say that in the statute. Statutory interpretation is not full of surplusage. The City of Tucson cannot restrict a person's ability to speak beyond what's in the Open Meeting Law.

The Open Meeting Law was already written with the consideration of time, place and manner restrictions in mind. The open meetings act is deemed the least intrusive restrictions on the right to speak, assemble petition a public body in the State of Arizona.

## PRAYER FOR RELIEF

Award Myers compensatory, nominal, and punitive damages;

Award Myers declaratory relief under the Open Meeting Law;

Award Myers equitable relief under the Open Meeting Law;

Award Myers his costs; and

Award such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In compliance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

6-4-2024

Lane Myers, Pro Se